# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN HAWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00606-PRW |
| ) | |
| TRONOX LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Tronox LLC's Motion for Summary Judgment and Brief in Support (Dkt. 20). The motion is fully briefed, and for the reasons given below, Defendant's Motion is **GRANTED**.

### *Background*

Defendant Tronox LLC ("Tronox") is a producer and marketer of titanium dioxide and other inorganic chemicals. On June 5, 2017, Tronox hired Plaintiff Haworth as a Credit/Cash Analyst in Oklahoma City. In Spring 2020, Defendant began corporate restructuring, moving its headquarters to Stamford, Connecticut and implementing a reduction in force ("RIF") to eliminate duplicate positions between its Stamford and Oklahoma City offices. As part of the RIF, Defendant eliminated five of the seven positions in the Oklahoma City Finance and Accounting team, including Plaintiff's position. While Defendant claims that it terminated Plaintiff's position because it determined that her job

1

duties did not require a full-time position, Plaintiff argues that Defendant terminated her because of her age.

Plaintiff filed suit, raising two claims: (1) discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma's Anti-Discrimination Act ("OADA"); and (2) retaliation in violation of the ADEA and the OADA. Defendant moved for summary judgment on both claims, Plaintiff filed a response in opposition, and Defendant filed a reply to the response.

## *Legal Standard*

Federal Rule of Civil Procedure 56(a) requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute for trial before the factfinder.[1] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[2] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[3] A dispute is

---

[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

"genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[4]

If the movant carries its initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[5] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[6] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7] And as the Supreme Court explained, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment,"[8] since "[w]here

---

[4] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[5] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[6] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[7] *Id.* (quoting *Anderson*, 477 U.S. at 251–52); *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[8] *Liberty Lobby*, 477 U.S. at 247–48.

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"[9] Thus, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."[10]

When the nonmoving party has the ultimate burden of persuasion at trial, the moving party "has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."[11] "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[12] "Once the moving party points out the absence of evidence to create a 'genuine issue' of a 'material fact' on which the non-moving party bears the burden of proof at trial, . . . [t]he non-moving party must set forth specific facts showing there is a genuine issue for trial."[13]

---

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

[10] *Scott v. Harris*, 550 U.S. 372, 381 (2007).

[11] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002), *as amended on denial of re'g*, (Jan. 23, 2003).

[12] *Id.*

[13] *Otis v. Canadian Valley-Reeves Meat Co.*, 884 F. Supp. 446, 449–50 (W.D. Okla. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586).

*Discussion*

I.   ADEA/OADA Discrimination[14]

Tronox argues that it is entitled to summary judgment on Plaintiff's discrimination claims because Plaintiff has failed to establish a prima facie case of discrimination. Alternatively, Tronox argues that the undisputed facts demonstrate that it had a legitimate, non-discriminatory reason for terminating Plaintiff, and that Plaintiff offers no evidence suggesting that Tronox's proffered reason is pretextual.

The ADEA and OADA prohibit an employer from discharging an employee on the basis of age.[15] For an ADEA age discrimination claim to succeed, age must be a "but-for" cause of the plaintiff's termination.[16] Under Tenth Circuit precedent, age need not be the sole motivating factor for an employer's decision, but the plaintiff must show that age was "the factor that made a difference."[17]

Plaintiff presents no direct evidence of discrimination, so she must meet her burden of proof through the *McDonnell Douglas* burden-shifting framework,[18] which requires her

---

[14] The Court addresses Plaintiff's ADEA and OADA discrimination claims jointly because "a plaintiff's OADA claim fails if her federal discrimination claim fails." *Bennett v. Windstream Commc'ns, Inc.*, 30 F. Supp. 3d 1243, 1259 (N.D. Okla. 2014), aff'd, 792 F.3d 1261 (10th Cir. 2015).

[15] 29 U.S.C. § 623(a)(1); Okla. Stat. tit. 25 § 1302(A)(1).

[16] *Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011) (quoting 29 U.S.C. § 623(a)).

[17] *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1277 (10th Cir. 2010).

[18] *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (citing *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000)).

to make a prima facie showing of discrimination.[19] If Plaintiff establishes a prima facie case, the burden then shifts to Tronox "to articulate some legitimate, nondiscriminatory reason for its action."[20] If Tronox carries this burden, Plaintiff "must then . . . prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination."[21]

### A. Prima Facie Case of Discrimination

To establish a prima facie case of discrimination, Plaintiff must demonstrate that she "(1) [is] a member of the class protected by the ADEA, (2) suffered an adverse employment action, (3) [was] qualified for the employment position at issue, and (4) [was] treated less favorably than others not in the ADEA protected class."[22] Plaintiff may establish the fourth element "through circumstantial evidence that [she] was treated less favorably than younger employees during the [RIF]."[23] For Plaintiff to rely on the age difference between herself and her replacement to establish the fourth element, "the age difference must be sufficiently substantial to raise an inference of age discrimination."[24] Generally, "an age difference of less than ten years is not sufficiently substantial."[25]

---

[19] *Roberts v. Winder*, 16 F.4th 1367, 1384 (10th Cir. 2021) (citing *Jones*, 617 F.3d at 1279)).

[20] *Id.* (quoting *Rivera v. City and Cnty. of Denver*, 365 F.3d 912, 920 (10th Cir. 2004)).

[21] *Id.*

[22] *Roberts*, 16 F.4th at 1384 (citing *Jones*, 617 F.3d at 1279).

[23] *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1193 (10th Cir. 2006) (quoting *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1165 (10th Cir. 1998)).

[24] *Roberts*, 16 F.4th at 1384.

[25] *Id.* at 1385.

The elements of a prima facie case "are neither rigid nor mechanistic."[26] Instead, "their purpose is the establishment of an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor."[27] The burden of establishing a prima face case is "not onerous,"[28] particularly in an age discrimination case.[29]

Tronox does not dispute that Plaintiff established the first three elements of her prima facie case. She was over 40 years old when Tronox terminated her position, and thus a member of the class protected by the ADEA. She suffered an adverse employment action when Tronox terminating her employment. And Tronox does not dispute that she was qualified for her former position. Tronox disputes, however, that Plaintiff was treated less favorably than younger, similarly situated employees during the RIF.

But Plaintiff points to Staci McPherson and Julia Sweet, both of whom were members of the Oklahoma City Finance and Accounting team before the RIF, and both are substantially younger than Plaintiff.[30] During the RIF, Tronox eliminated their positions but offered McPherson a new position as Senior Manager of Global Credit and offered Sweet a new hybrid credit and accounting role. In contrast, Tronox eliminated Plaintiff's

---

[26] *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008) (citing *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 558 (10th Cir. 1996)).

[27] *Id.* (citation omitted).

[28] *Orr v. City of Albuquerque,* 417 F.3d 1144, 1149 (10th Cir. 2005) (*quoting Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

[29] *See Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1056 (10th Cir. 2020).

[30] Tronox describes McPherson as 41 years old and Sweet as "under the age of 40" at the time of the RIF. Mot. for Summ. J. (Dkt. 20), ¶10. Plaintiff was 60 years old at that time.

position without offering her a new one. Tronox argues that McPherson and Sweet received new positions based on their superior qualifications, *i.e.*, they were differently situated from Plaintiff. But to establish the fourth element of her prima facie case, Plaintiff need only present some circumstantial evidence that Tronox treated younger employees more favorably than her during the RIF, and its argument that those younger employees shouldn't count because they were different is one that at this stage cannot defeat Plaintiff's prima facie showing. Because Plaintiff has shown that Tronox treated McPherson and Sweet more favorably than her by offering them new positions during the RIF, she has satisfied the fourth element of her prima facie case.

### B. Tronox's Legitimate, Non-discriminatory Reason

The burden then shifts to Tronox to offer evidence of a legitimate, non-discriminatory reason for terminating Plaintiff's employment. Here, Tronox presents evidence that it eliminated Plaintiff's position during the RIF because her job duties did not necessitate a full-time position.[31] Plaintiff does not address this evidence but points out that a company's decision to reduce its workforce is not a legitimate, non-discriminatory reason in itself.[32] But Tronox's proffered reason for terminating Plaintiff is more specific than simply a need to reduce its workforce. Rather, it was an individualized determination

---

[31] Tronox's Treasurer, Ed Prosapio, stated in his declaration, "I decided to eliminate Plaintiff's position in the RIF because I determined that the job duties of the Credit/Cash Analyst position did not require a full-time role." Ex. 4 (Dkt. 20), ¶9.

[32] *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1167-68 (10th Cir. 1998).

that Plaintiff's full-time position was not justified in light of her duties, which is a legitimate, non-discriminatory reason for eliminating her position.

*C. Pretext*

The burden now shifts back to Plaintiff to show that Tronox's proffered reason for terminating her employment is pretextual. The Tenth Circuit has held that "once a plaintiff presents evidence sufficient to create a genuine factual dispute regarding the veracity of a defendant's nondiscriminatory reason, we presume the jury could infer that the employer acted for a discriminatory reason and must deny summary judgment."[33] "A plaintiff produces sufficient evidence of pretext when she shows 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'"[34] But the Court "will not second guess business decisions made by employers, in the absence of some evidence of impermissible motives."[35]

Here, Plaintiff characterizes Tronox's proffered reason for terminating her employment as mere cost cutting and argues that this reason is pretextual because Tronox assigned her job duties to two more highly paid employees. Plaintiff also claims that Tronox has given contradictory explanations for why it fired her because Tronox told the

---

[33] *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1280 (10th Cir. 2010) (quoting *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1125 (10th Cir. 2005)).

[34] *Id.* (quoting *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005)).

[35] *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1403-04 (10th Cir. 1988)).

EEOC in its position statement that it fired her for poor performance. Plaintiff's first argument fails to show pretext because it ignores Tronox's specific reason for eliminating her position. While cost-cutting was the general goal of the RIF, Tronox stated that its specific decision to eliminate Plaintiff's position was because her job duties did not necessitate a full-time role. That decision certainly cut costs, but it wasn't merely an elimination of a position solely to reduce costs.

As to Plaintiff's second argument for pretext, there is no evidence that Tronox claimed it fired Plaintiff for poor performance. Tronox told the EEOC, "[g]iven that Ms. Haworth had essentially been away from her position nearly half the time during her tenure, it was determined that the position was not one which required a fulltime employee . . . ."[36] Plaintiff appears to interpret this comment to mean that Tronox fired her for poor performance. But in context, it appears that Tronox offered the fact about Plaintiff's absences from work only to show that her workload was insufficient to justify a full-time position. Plaintiff does not dispute Tronox's claim about her frequent absences. Since Tronox did not offer poor performance as a reason for terminating Plaintiff's employment, Plaintiff's argument concerning the EEOC position statement fails to show pretext.

Plaintiff offers three other pieces of evidence that could show pretext. First, McPherson, who assumed some of Plaintiff's job duties after her termination, posted on LinkedIn, "I know very little about the credit process. I need to learn EVERYTHING in

---

[36] Ex. 1 (Dkt. 28), at 2.

10

30 days."[37] Second, in October 2019 during a company-wide meeting, Tronox's CEO stated that the company needed "new, younger employees to continue its business growth."[38] Third, Plaintiff claims that Tronox has a tendency of terminating older workers, laying off a team of employees over the age of 60 in 2017 and laying off two employees over the age of 40 other than Plaintiff during the RIF. Although Plaintiff does not explicitly argue that these scattered statements and trends demonstrate pretext, the Court assumes that Plaintiff offers them for that purpose.

McPherson's LinkedIn post does not cast doubt on Tronox's stated reason for terminating Plaintiff's employment. McPherson's degree of knowledge about Tronox's credit process has no bearing on whether Plaintiff's position necessitated a full-time role. Next, Tronox's CEO's statement is too far removed from Plaintiff's termination to show pretext. There simply is no evidence that the CEO's statement is any way related to the decision that Plaintiff's position was unnecessary. Nor does Plaintiff's claim that Tronox has a tendency to eliminate older workers, even if true, demonstrate that the decision to lay off Plaintiff due to her position being unnecessary had anything to do with her age.

In sum, Plaintiff has not provided sufficient evidence to raise a question of material fact about pretext. Although she established her prima facie case, she cannot show by a preponderance of the evidence that Tronox's stated legitimate reason for terminating her

---

[37] Ex. 2 (Dkt. 26), at 2. While Plaintiff does not show when McPherson made this post, it was presumably shortly after McPherson took over Plaintiff's credit responsibilities.

[38] Resp. to Mot. for Summ. J. (Dkt. 26), at 2.

employment was pretextual. Accordingly, the Court grants summary judgment in favor of Tronox as to Plaintiff's age discrimination claims under the ADEA and OADA.

## II. ADEA/OADA Retaliation[39]

Tronox also seeks summary judgment on Plaintiff's ADEA and OADA retaliation claims, arguing that Plaintiff cannot establish her prima facie case on these claims.[40] To establish a prima facie case of retaliation, a plaintiff must show that "(1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action."[41] To qualify as protected opposition, "the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA."[42] Plaintiff has not met the first element of establishing a prima facie case of retaliation. Nowhere does she provide evidence that she engaged in protected activity. Plaintiff even

---

[39] As with Plaintiff's discrimination claim, the legal analysis for a retaliation claim under the ADEA is the same as the analysis for a retaliation claim under the OADA. *See Wood v. Midwest Performance Pack, Inc.*, 2018 U.S. Dist. LEXIS 47263, 2018 WL 1440980, at *3 (W.D. Okla., Mar. 22, 2018), citing *LeFlore v. Flint Indus., Inc.*, 1999 U.S. App. LEXIS 2898, 1999 WL 89281, at *3 n.4 (10th Cir., Feb. 23, 1999).

[40] Plaintiff's Amended Complaint is ambiguous as to whether she intends to assert a retaliation claim. While the "Jurisdiction and Venue" section states that her "claims are for Age discrimination and retaliation in violation of the [ADEA and OADA]," the Amended Complaint lists only "Count 1" which addresses only age discrimination. Am. Compl. (Dkt. 2) ¶3. For the sake of completeness, the Court addresses Plaintiff's retaliation claim as if it had been asserted a separate claim.

[41] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008).

[42] *Id.* at 1203.

admitted in her deposition that she never made a complaint of age discrimination before her termination.[43] Since Plaintiff cannot make a prima facie case for retaliation, the Court grants Tronox summary judgment on Plaintiff's retaliation claim.

*Conclusion*

For the reasons given above, Defendant Tronox's Motion for Summary Judgment (Dkt. 20) is **GRANTED**.

**IT IS SO ORDERED** this 26th day of September 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[43] Haworth Deposition (Dkt. 20, Ex. 2), at 122:12-15 (Q: "Did you ever make a complaint of age discrimination?" A: "Before my termination?" Q: "Yes." A: "No.").